**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 & 172 and LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY EDUCATION AND TRAINING FUNDS; ZAZZALI, P.C. <br><br> Petitioners, <br><br> v. <br><br> MOUNT CONSTRUCTION, INC. <br><br> Respondent. | HONORABLE KAREN M. WILLIAMS <br><br><br> Civil Action <br> No. 1:25-cv-00942-KMW-SAK <br><br><br> **MEMORANDUM OPINION** |

### I. INTRODUCTION

Before the Court is the unopposed Motion of Laborers' International Union of North America, Local Unions 472 and 172 (the "Unions"); the Unions' "Welfare and Pension Funds" and "Safety, Education and Training Funds" (the "Funds"); and Zazzali, P.C., (collectively, "Petitioners"), seeking to Confirm the December 5, 2024 Arbitration Award entered by Arbitrator J.J. Pierson, Esq. (the "Arbitrator") against Respondent Mount Construction, Inc. ("Mount Construction"). For the reasons set forth below, Petitioners' Motion is **GRANTED**.

### II. BACKGROUND

This action arises from a Collective Bargaining Agreement (the "Agreement") between the Petitioners and Mount Construction. The Agreement requires, among other things, that Mount Construction make certain contributions to the Funds. In the event a dispute arises regarding Mount Construction's contributions, the Agreement compels the parties to submit the same to Arbitration. Such a dispute arose in this case and was duly submitted to the Arbitrator for

resolution.

On December 5, 2024, the Arbitrator entered an award (the "Arbitration Award") in favor of the Unions and Funds and ordered Mount Construction to pay as follows:

- "Contributions for the period of delinquency September 1, 2024 through September 30, 2024, in the sum of $123,152.30 subject to the adjustment by any audit as allowed herein, plus interest, at the rate of 8% per annum, in the amount of $1,642.03 on the unpaid balance for the period such monies remain outstanding after the date such contributions become due and payable under the Agreement."
- "[L]iquidated damages equal to 5% of the delinquency contributions multiplied by the number of months or partial months that elapsed between the due date and the date the contributions are actually paid in full to the Funds (to a maximum of 20% of the delinquent contributions), which, as of the date of this Award, is $6,157.62."

(ECF No. 1 at 29.)

In addition, the Arbitrator ordered Mount Construction to pay the Fund's counsel, Zazzali, P.C.:

- "[T]he sum of $24,630.46, which is 20% of $123,152.30 as shown to be due to the Funds, or shall pay 20% of the adjusted amount shown to be due by the audit ordered herein plus interest at the rate of 10% from the date of this Award on any part of the attorneys' fees awarded and ordered that is not paid within 30 days of the date of this Award."

(*Id.*) Finally, Mount Construction was ordered to reimburse the Funds for the Arbitrator's fee of $1,600.00, as well as for other costs incurred in connection with this action. (*Id.*)

On February 3, 2025, Petitioners initiated this case and timely filed their Motion to Confirm the Arbitration Award pursuant to the Federal Arbitration Act (the "FAA"). *See* 9 U.S.C. § 9 (establishing a one-year limitations period for litigants to request judicial confirmation of arbitration award). Mount Construction has neither appeared in this matter nor responded to

Petitioners' submissions.[1]

## III. DISCUSSION

Confirmation is the process through which a party to arbitration completes the award process under the FAA, as the award becomes a final and enforceable judgment. *See* 9 U.S.C. § 13. The FAA "not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020). Section 9 of the FAA provides, in relevant part:

> at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

District courts have little authority to disturb arbitration awards. *See United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). Where parties have agreed to be bound by an arbitrator's decision, a court must enter an order to enforce the same unless: (1) the award was "procured by corruption, fraud, or undue means"; (2) there was "evident partiality or corruption in the arbitrators, or either of them"; (3) the arbitrators were "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy," or "of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly

---

[1] Petitioners' counsel has certified that copies of the Petition and Motion have been served on Mount Construction via certified mail and first-class mail (ECF No. 2-1.) Because the address to which these materials were sent is the same as that contained in the Agreement (ECF No. 1 at 27), the Court concludes that service was properly effectuated under the FAA. *See* 9 U.S.C. § 9 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by mailing to party's "last known address—in which event service is complete upon mailing").

executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. Stated succinctly, district courts do not vacate arbitration awards absent evidence that the arbitrator's decision was based on a "manifest disregard of the law." *See Loc. 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 534 (3d Cir. 1985). This is a "strict standard" in which "a reviewing court will decline to sustain an award only in the rarest case." *Newark Morning Ledger Co. v. Newark Typographical Union*, 797 F.2d 162, 165 (3d Cir. 1986) (internal quotation marks omitted).

Here, the Court finds that the Arbitration Award was duly entered. It reflects the Arbitrator's consideration of the evidence before him, reaches a logical conclusion, and does not otherwise evince any basis for rejection. *See Loc. 863 Int'l Bhd. of Teamsters*, 773 F.2d at 533. Moreover, Mount Construction has not moved to vacate, modify, or correct the Arbitration Award within the three-month window allotted. *See Laborers' Loc. Union Nos. 472 & 172 & Laborers' Loc. Union Nos. 472 & 172 Welfare & Pension Funds & Safety, Educ. & Training Funds v. Mike Fitzpatrick Contractors*, No. 24-516, 2024 WL 2974262, at *3 (D.N.J. June 13, 2024) (confirming arbitration award where respondent failed to enter an appearance or otherwise respond to submissions).

### IV.  CONCLUSION

Because the Court finds the Arbitration Award is supported by the record, the Court will confirm the same and enter judgment in Petitioners' favor. An appropriate Order shall be issued.

Dated: August 25, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE